**Ernest Lee HINSLEY,**
**Petitioner-Appellant,**

**v.**

**Jim ROSE, Warden, et al.,**
**Respondents-Appellees.**

**No. 82–5459.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs March 29, 1983.

Decided April 28, 1983.

James R. Omer, Nashville, Tenn. (court-appointed), for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tenn., Kimberly Hattaway, Asst. Atty. Gen., Nashville, Tenn., for respondents-appellees.

Before MERRITT, KENNEDY and WELLFORD, Circuit Judges.

WELLFORD, Circuit Judge.

Appellant in this cause appeals the district court's dismissal of his petition for habeas corpus. He challenges the constitutionality of Tenn.Code Ann. § 52–1432(d) (Supp.1982), Tennessee's Habitual Drug Offender statute.

Following enactment of that statute, appellant was indicted by a Tennessee grand jury for the offense of being an habitual drug offender. He moved to dismiss the indictment, arguing that the Tennessee statute violated both the Tennessee and United States Constitutions. His motion was denied by the Tennessee Court of Criminal Appeals and his application for interlocutory appeal was denied by the Tennessee Supreme Court.

Appellant thereafter pleaded guilty to the charge, but reserved the right to contest the constitutionality of the statute. He appealed his conviction to the Tennessee Supreme Court. That court upheld the constitutionality of the statute and affirmed the conviction in *State v. Hinsley,* 627 S.W.2d 351 (Tenn.1982).

Appellant subsequently filed a petition for a writ of habeas corpus with the district court, again asserting unconstitutionality of the state statute. In an opinion dated July 6, 1982, the district court upheld the statute's constitutionality and dismissed the petition for the writ. Hinsley appeals that dismissal. We AFFIRM.

■ The Tennessee Habitual Drug Offender statute, Tenn.Code Ann. § 52–1432(d) (Supp.1982), provides:

(d)(1) It shall be unlawful and shall constitute a Class X felony for a person to be engaged as a habitual drug offender. As used in this subsection, a "habitual drug offender" is defined as one who engages in the protracted and repeated manufacturing, delivering, selling, processing with intent to manufacture, deliver or sell or conspiring with another with intent to manufacture, deliver or sell or possess with intent to manufacture, deliver or sell any controlled substance under any schedule or combination of schedules, unless a person is otherwise permitted by law to engage in one or more of the activities included herein.

(2) To convict a person under the provisions of this subsection, the state must prove as elements of the offense:

(A) Three or more violations of subsections (a) or (c) occurring at least one day apart for at least three of the violations and that three or more violations involve either schedule I, II, or III controlled substances or combinations thereof, or

(B) Five or more violations of subsections (a) or (c) occurring at least one day apart for at least five of the violations and that five or more violations involve either schedule I, II, III, IV, V, or VI controlled substances or any combinations thereof.

(3) The indictment for a violation of this subsection shall charge that the defendant is a habitual drug offender, and the separate transactions shall be listed as overt acts within the same count. Provided, however, no person shall be deemed as a habitual drug offender if such person has no prior convictions. Nothing herein shall prohibit additional counts charging the overt acts as separate and additional offenses; provided, that the jury shall find the defendant guilty of either one or more overt acts as separate offenses or as a habitual drug offender but not both. The state shall not be required to elect submission to the jury of the several counts.

(4) A violation of this subsection shall constitute a Class X felony and shall be punishable by a determinate sentence of not less than ten (10) years nor more than life in the state penitentiary and in addition thereto may be fined not more than two hundred thousand dollars ($200,000). Provided, however, no person shall be prosecuted for or convicted of a Class X felony if such person has no prior convictions.

Appellant first alleges that the statute violates the Equal Protection Clause of the Fourteenth Amendment insofar as it results in potentially discriminatory enforcement by police officers. In addition, appellant contends that the statute deprives him of a

fair trial as required by the Due Process Clause because it admits evidence of several crimes in one trial. Appellant appears to argue further that the statute is unconstitutional because it requires no proof of additional facts beyond those required to prove the underlying offenses. Finally, appellant maintains that the statute infringes on his right to testify at trial, because he may not testify to one offense only of the at least three (or five as the case may be) violations charged.

In his first argument, appellant contends that the Tennessee statute vests an excessive amount of discretion in law enforcement officials, thereby inviting discriminatory application of the statute, and violation of his equal protection rights. He argues that the statute gives a police officer no guidelines to indicate when he should forego arrest after learning about an initial sale of a controlled substance, with the idea that he may be able to charge the individual under investigation under the statute in dispute if he may make two subsequent sales and thus bring himself within the terms of the habitual offender law.

We agree with the district court's observation that appellant's argument is essentially that he has a constitutional right to be arrested. This argument was rejected in *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), and we find that case controlling. As noted by the district court, moreover, appellant does not present any evidence to demonstrate that the statute was discriminatorily applied against him.

■ Appellant argues next that the statute deprives him of a fair trial because the jury will consider evidence on one underlying offense as probative on the other offenses. He relies primarily, as the district court found, on cases dealing with the consolidation of separate and unrelated offenses. In the statute at issue in this case, the offenses to be proved at trial constitute elements of the offense of being an habitual drug offender. All the offenses involved are directly related under the statute.

We find the district court's analogy to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 (Supp. 1982), *et seq.,* to be appropriate. Appellant seeks to distinguish the RICO statute and other statutes such as 21 U.S.C. § 848, which prohibits a continuing criminal enterprise, by emphasizing that these statutes require proof of additional facts beyond what is necessary to prove the underlying offenses. Appellant offers no plausible rationale as to why such a distinction is constitutionally significant. Consequently, appellant's argument based on evidence of other crimes is rejected.

■ Appellant's final argument concerning his right not to testify at trial was not addressed by either the Tennessee Supreme Court or the district court, and was apparently not presented to the court below. Therefore, appellant is precluded from making that argument in this appeal, and we pass no judgment on that contention.

Accordingly, the order of the district court dismissing appellant's petition is hereby AFFIRMED.